```
                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MEL FREE EL, | : Civil Action No. 07-5882(NLH) |
| Plaintiff, | : |
| v. | : **OPINION** |
| ATLANTIC CITY MUNICIPAL COURT INC. INCORPORATED, CITY OF ATLANTIC CITY INCORPORATED, ADMINISTRATIVE LAW JUDGE MATTHEW POWALS, FIRST ASSISTANT PROSECUTOR SAMUEL LASHMAN, POLICE OFFICER CHRIS ESTRIDGE, and ATLANTIC COUNTY SUPERIOR COURT JUDGE HONORABLE ROBERT NEUSTADTER, | : |
| Defendants. | : |

**APPEARANCES:**

Mel Free, El
126 Shadeland Avenue
Pleasantville, NJ 08232

   *Pro se*

A. Michael Barker, Esquire
Barker, Scott & Gelfand
Linwood Greene
210 New Road
Suite 12
Linwood, NJ 08221

   *Attorney for Defendant Matthew Powals and Samuel Lashman*

**HILLMAN**, District Judge

   This matter has come before the Court on the motion of defendants the Honorable Matthew Powals, JMC and First Assistant Prosecutor Samuel Lashman, for judgment on the pleadings pursuant

to Federal Civil Procedure Rule 12(c). For the reasons expressed below, defendants' motion will be granted. Additionally, after reviewing plaintiff's complaint *sua sponte*, the Court will dismiss the claims against the remaining defendants for lack of prosecution and failure to state a claim.

## BACKGROUND

Plaintiff's claims arise out of a court summons issued to plaintiff by defendant Officer Chris Estridge. Plaintiff claims that on May 31, 2005, Estridge issued him a summons to appear in the Atlantic City Municipal Court on June 9, 2005. According to plaintiff, his court date was postponed several times because Officer Estridge "didn't show up." On July 12, 2007 the matter was scheduled for another court date at 9:00am, and plaintiff states that Officer Estridge showed up, but plaintiff was 30 to 40 minutes late. Because plaintiff was late, plaintiff states that Judge Powals let Estridge go. Plaintiff further states that because he did not arrive to court on time, a warrant was issued for his arrest. When plaintiff arrived, plaintiff claims that Municipal Court Judge Powals, after speaking with First Assistant Prosecutor Lashman, refused to vacate the warrant. Plaintiff claims that at 10:00am he was arrested, put in jail, and strip searched. Plaintiff claims that his family paid his bail and he was released at 1:00pm.

It appears that plaintiff attempted to challenge the warrant

2

and his arrest in the New Jersey Superior Court. According to plaintiff, defendant Superior Court Judge Robert Neustadter refused to hear plaintiff's due process petition. Plaintiff claims that in making his decision to not hear plaintiff's complaint, Judge Neustadter considered a letter submitted by First Assistant Prosecutor Lashman. Plaintiff alleges that Prosecutor Lashman and Judge Neustadter conspired to uphold Judge Powals' violation of plaintiff's due process rights.

Based on these events, plaintiff claims that all the defendants committed numerous violations, including violations of his constitutional rights, "Declaration of Human Rights Article 15," "Declaration of the Rights of the Child of 1959," and "United Nations Charter Rights of Indigenous Peoples," as well as committed kidnaping, assault and battery, racketeering, theft by extortion, mail fraud, treason, copyright infringement, and conspiracy. It appears that plaintiff has brought these claims pursuant to 42 U.S.C. § 1983 and state law, and has invoked this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

Plaintiff has successfully effected service of his complaint on defendants Prosecutor Lashman and Judge Neustadter, and they have moved to dismiss plaintiff's claims against them. Plaintiff has not opposed this motion. Plaintiff has not completed service onto the remaining defendants. Because of this lack of prosecution, the Court will undertake a *sua sponte* review of

plaintiff's claims against the remaining defendants.

## DISCUSSION

### A.    Defendant's motion for judgment on the pleadings

The standard for deciding a motion for judgment on the pleadings made pursuant to Federal Rule of Civil Procedure 12(c) is identical to that under Rule 12(b)(6).  Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).  Thus, in deciding whether plaintiff has stated any viable claims, all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

Judge Powals argues that he is immune from suit due to the doctrine of judicial immunity, and First Assistant Prosecutor Lashman argues that he is immune from suit due to the doctrine of prosecutorial immunity.  Both defendants are correct.  A judge is entitled to absolute immunity from civil suits for actions arising from his or her judicial actions.  See Mireless v. Waco, 502 U.S. 9, 9-10 (1991) (explaining that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," and that "judicial immunity is not overcome by allegations of bad faith or malice"); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . .

4

. ."). Similarly, a prosecutor's acts that occur in the course of his or her role as advocate for the state are entitled to absolute immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 431 (1976)) (barring suits under 42 U.S.C. § 1983); N.J. Stat. Ann. 59:2-2(b), 3-3, 3-8 (barring suits brought under state law).  Here, all of plaintiff's claims against Judge Powals and First Assistant Prosecutor Lashman arise from their judicial and prosecutorial actions, respectively.  Consequently, plaintiff's claims against these defendants must be dismissed.

    **B.    The Court's *Sua Sponte* Review of Plaintiff's Complaint**

A *sua sponte* review of plaintiff's claims against the remaining defendants reveals that those claims must be dismissed as well for failure to state a claim and/or for lack of prosecution.  A "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action." Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) (holding that it is not error for a district court to dismiss a claim *sua sponte*, but "because judgment on the pleadings results in an early assessment of the merits of plaintiff's action, the plaintiff must be given the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn").  Additionally, under Rule 41(b) of the

5

Federal Rules of Civil Procedure, as well as under the inherent power of the court, a case may be dismissed with prejudice for want of prosecution. Lee v. Krieg, 227 Fed. Appx. 146, 147 (3d. Cir. 2007) (citing Marshall v. Sielaff, 492 F.2d 917, 918 (3d Cir. 1974)). "The authority to dismiss for lack of prosecution, both on defendants' motion and *sua sponte*, is an inherent 'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Marshall, 492 F.2s at 918 (citing Link v. Wabash Railroad Co., 370 U.S. 626, 630-631 (1962)).

Plaintiff's claims against Atlantic County Superior Court Judge Robert Neustadter must be dismissed for failure to state a claim because he is entitled to judicial immunity. Taking all allegations in plaintiff's complaint as true, all of Judge Neustadter's conduct as alleged by plaintiff was performed in his duties as a judge. Thus, plaintiff's claims against Judge Neustadeter must be dismissed.

Plaintiff's claims against the City of Atlantic City and the Atlantic City Municipal Court must be dismissed as well for failure to state a claim. A municipality, such as the City of Atlantic City, and by extension its municipal court, can only be directly sued under § 1983 where action pursuant to a municipal policy or custom causes a constitutional tort. See Fagan v. City of Vineland, 22 F.3d 1283, 1291 (3d Cir. 1994). Plaintiff has

6

failed to allege any such custom or policy.

For plaintiff's state law claims, it should be noted that they are subject to the New Jersey Tort Claims Act (NJTCA), which expressly bars recovery against public employees and public entities if the notice procedures are not met, see N.J. Stat. Ann. 59:8-3, Velez v. City of Jersey City, 850 A.2d 1238, 1243 (N.J. 2004). Plaintiff has not indicated that he has complied with the requirements of the NJTCA.

Finally, plaintiff's claims against Officer Estridge must be dismissed for failure to state a claim. Plaintiff's only allegations against Estridge concern the issuance of the court summons in May 2005 and his failure to show up to municipal court on two occasions. Plaintiff does not appear to be challenging the propriety of that summons, thus that conduct cannot constitute the basis for any of his claims. With regard to Estridge's alleged failure to appear at two scheduled court dates, a police officer's unavailability for a court date, and the necessity to postpone a court date due to that officer's unavailability, does not serve as a viable basis for any of the claims plaintiff is asserting. Consequently, plaintiff's claims against Officer Estridge must be dismissed.

In addition to plaintiff's failure to state a claim against the remaining defendants, plaintiff has failed to serve either his original or amended complaints onto defendants. Plaintiff's

original complaint was filed on December 11, 2007 and his amended complaint was filed on January 15, 2008.  Plaintiff's lack of prosecution of his case, which includes his failure to respond to the motion to dismiss filed by Judge Powals and Prosecutor Lashman, coupled with his failure to state viable claims against the defendants, requires *sua sponte* dismiss of plaintiff's remaining claims.

## CONCLUSION

For the reasons expressed above, all of plaintiff's claims against all defendants must be dismissed.  An appropriate Order will be entered.


Dated: April 9, 2008                    s/ Noel L. Hillman

At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.