UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MEL FREE EL, | : Civil Action No. 07-5882(NLH) |
|     Plaintiff, | : |
| v. | : **OPINION** |
| ATLANTIC CITY MUNICIPAL COURT INC. INCORPORATED, CITY OF ATLANTIC CITY INCORPORATED, ADMINISTRATIVE LAW JUDGE MATTHEW POWALS, FIRST ASSISTANT PROSECUTOR SAMUEL LASHMAN, POLICE OFFICER CHRIS ESTRIDGE, and ATLANTIC COUNTY SUPERIOR COURT JUDGE HONORABLE ROBERT NEUSTADTER, | : |
|     Defendants. | : |

**APPEARANCES:**

Mel Free, El
126 Shadeland Avenue
Pleasantville, NJ 08232

   *Pro se*

A. Michael Barker, Esquire
Barker, Scott & Gelfand
Linwood Greene
210 New Road
Suite 12
Linwood, NJ 08221

   *Attorney for Defendant Matthew Powals and Samuel Lashman*

**HILLMAN**, District Judge

   This matter has come before the Court on plaintiff's motion for reconsideration of the dismissal of his case.[1]  In the

---

   [1]Plaintiff's claims arise out of a summons to appear in municipal court that was issued by Officer Estridge.  Because of

Court's prior Opinion, plaintiff's claims against defendants Atlantic City Municipal Court Judge Matthew Powals and Atlantic County Superior Court Judge Robert Neustadter were dismissed on the basis of their judicial immunity; plaintiff's claims against defendant First Assistant Prosecutor Samuel Lashman were dismissed on the basis of prosecutorial immunity; plaintiff's claims against defendants City of Atlantic City and the Atlantic City Municipal Court were dismissed for plaintiff's failure to allege a municipal policy or custom that caused his a constitutional tort, as well as his failure to comply with the New Jersey Tort Claims Act (NJTCA); and plaintiff's claims against defendant Officer Chris Estridge for his alleged failure to appear at two scheduled court dates were dismissed because that alleged conduct does not serve as a viable basis for any of the claims plaintiff asserted.  The Court held that an additional basis for dismissal was plaintiff's failure to prosecute his case, which included his failure to serve either his complaint or amended complaint onto several of the defendants and his failure to oppose defendants' motion to dismiss.

In his motion for reconsideration, plaintiff seeks the reinstatement of all his claims, and he also seeks leave to file

---

plaintiff's failure to appear at the municipal court hearing, Judge Powals issued a warrant for plaintiff's arrest.  Plaintiff was arrested when he eventually showed up for court later that morning.  Plaintiff unsuccessfully challenged the propriety of the arrest warrant in New Jersey Superior Court before Judge Neustadter.

2

a second amended complaint.  Local Civil Rule 7.1(i)[2] governs a motion for reconsideration.  It provides, in relevant part, that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion."  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

   The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence."  Id.  The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached.  P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

---

[2] Plaintiff has filed his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).  The standard for deciding a motion pursuant to Rule 59(e) is the same as pursuant to Local Rule 7.1(i).  See Buffa v. New Jersey State Dept. of Judiciary, 56 Fed. Appx. 571, 575 (3d Cir. 2003).

3

Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, <u>S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ.</u>, 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities. <u>Dole v. Arco Chemical Co.</u>, 921 F.2d 484, 487 (3d Cir. 1990); <u>Bechtel v. Robinson</u>, 886 F.2d 644, 652 (3d Cir. 1989). An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

After reviewing plaintiff's motion and proposed second amended complaint, the Court finds that plaintiff has not met his burden to show that his claims should be reinstated, and he has not met his burden to show the absence of futility in the filing of another amended complaint.

With regard to his claims against Judge Powals, Judge

Neustradter, and First Assistant Prosecutor Lashman, plaintiff claims that immunity does not apply to them because they are not public officers, but rather corporate employees.  The basis for his claim that the judges and prosecutor are not public officers is that they have "no certifications of official Oath of Office or official Bond."  (Prop. Amend. Compl. at 4-5.)  Because they are not public officers, plaintiff argues that they are not entitled to immunity.  This argument is unsupported in the law and does not serve as a basis for the reinstatement of plaintiff's claims against these defendants.

With regard to plaintiff's claims against defendants City of Atlantic City and the Atlantic City Municipal Court, plaintiff attempts to cure his failure to allege a policy or custom with regard to his constitutional violation claims.  Plaintiff states, "Atlantic Municipal Court Incorporated authorized a warrant not conforming to the requirements of the requirements of the Fourth Amendment to the United States Constitution.  The issuing of these types of warrants happen so regularly these acts may fairly be said to represents [sic] official policy, which was a 'moving force' behind the infliction of Plaintiffs' [sic] injury." (Prop. Amend. Compl. at 5, ¶ 1.)  Plaintiff also states, "The City of Atlantic City Incorporated has a custom or policy of operation under 'color of law.'  This type of law was a 'moving force' behind the affliction of plaintiffs' [sic] injury."  (Id.

5

at 6, ¶ 4.)[3]

These allegations are insufficient to state a claim pursuant to § 1983 for a Fourth Amendment violation.  As the Court explained in its prior Opinion, liability under § 1983 may be imposed on municipalities where acts of the government employee are deemed to be the result of a policy or custom of the municipality for whom the employee works.  See Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691 (1978); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  Monell created a "two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom."  Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (citation omitted). The two-path track is described as follows:

> Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict.  A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well-settled" as to virtually constitute law.

Id. (citation omitted).

Municipal liability requires the plaintiff to demonstrate

---

[3]Plaintiff also seeks to add a claim of *respondeat superior* against the City of Atlantic City and its municipal court.  The addition of this claim would be futile because these defendants cannot be subjected to § 1983 liability on a theory of *respondeat superior*.  City of Canton v. Harris, 489 U.S. 378, 392 (1989).

6

that "'there is a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation.'" Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). The link between the policy or custom and the injury may not be attenuated or suppositional; the plaintiff must demonstrate that the policymaker's actions "directly caused constitutional harm." Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist., 272 F.3d 168, 175 (3d Cir. 2001).

Here, plaintiff's alleged policy--that the City of Atlantic City and its municipal court have a policy of issuing warrants without compliance to the requirements of the Fourth Amendment--is simply a bald assertion of a "policy." It is not an allegation that a decision-maker actually issued such a proclamation, and that the proclamation actually caused plaintiff a constitutional deprivation. Accordingly, this allegation is insufficient to state a claim for municipal liability, and to allow plaintiff to file an amended complaint containing such an allegation would be futile.

With regard to plaintiff's claims against Officer Estridge, he makes the same revised claim as he makes for the Judges and First Assistant Prosecutor. Plaintiff argues that Officer Estridge is not a public officer, but rather a corporate employee, because he has "no certification of official Oath of

7

Office or official Bond." (Prop. Amend. Compl. at 6-7.) Because Officer Estridge is not public officer, plaintiff argues that he was arrested without probable cause. As stated above, this contention is without support in the law, and, thus, cannot serve as a basis to reinstate plaintiff's claims against Officer Estridge.

Finally, with regard to plaintiff's lack of prosecution of his case, plaintiff explains that he was homeless for a time. He also explains that he mistakenly believed that the motion to dismiss would not be considered until after a scheduling conference.[4] Even granting plaintiff leniency because of his living situation and *pro se* status, and setting aside any consideration of his lack of prosecution of his case, plaintiff's original and proposed amended complaints fail to state any cognizable claims against any of the defendants. Consequently, plaintiff's motion for reconsideration and leave to file an amended complaint must be denied. An appropriate Order will be entered.

Dated: April 24, 2008                     s/ Noel L. Hillman

At Camden, New Jersey                     NOEL L. HILLMAN, U.S.D.J.

---

[4] The scheduling conference plaintiff apparently is referring to was set for March 25, 2008. It is unclear whether plaintiff attended this conference. Additionally, the Court issued its Opinion and Order on April 8, 2008, which was after the scheduling conference.

8